UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUSAN WAKS, on behalf of herself and all
others similarly situated,

Plaintiff,

- against -

MRS ASSOCIATES, INC. and MRS BPO,
LLC,

Defendants.

Civil Action No. 2:11-cv-00343-LDW-ARL

**DEFENDANT MRS ASSOCIATES, INC., FORMERLY KNOWN AS
MRS BPO, LLC's, ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

NOW COMES defendant MRS Associates, Inc., formerly known as MRS

BPO, LLC ("MRS"), by and through undersigned counsel, and for its Answer to

Plaintiff's Complaint, states as follows:

**INTRODUCTION AND NATURE OF ACTION**

1.        MRS admits that plaintiff purports to bring an action for damages under the

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*., but denies any

and all damages, liability, and/or violations, to the extent alleged in ¶ 1.

2.        MRS denies the allegations in ¶ 2 as calling for a legal conclusion.

3.        The allegations in ¶ 3 do not pertain to MRS and thus an answer is not

required of it.  To the extent an answer is required, MRS denies the allegations in ¶ 3 for

lack of knowledge or information sufficient to form a belief therein, which has the effect

of a denial.

## JURISDICTION AND VENUE

4.      MRS denies the allegations in ¶ 4.

5.      MRS admits the allegations in ¶ 5 for venue purposes only.

## PARTIES

6.      MRS denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

7.      MRS admits only that it has an address of 1930 Olney Ave., Cherry Hill, New Jersey 08003.  Except as specifically admitted, the allegations in ¶ 7 are denied.

8.      MRS admits only that it has an address of 1930 Olney Ave., Cherry Hill, New Jersey 08003.  Except as specifically admitted, the allegations in ¶ 8 are denied.

9.      The allegations in ¶ 9 do not set forth an averment to which an answer is required. To the extent an answer is required, MRS denies plaintiff is entitled to the relief sought.

## PLAINTIFF'S FACTUAL ALLEGATIONS

10.     MRS denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

11.     MRS denies the allegations in ¶ 11 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

12.     MRS denies the allegations in ¶ 12 and denies that it made calls to plaintiff.

13.     MRS denies the allegations in ¶ 13 and denies that it made calls to plaintiff.

14.     MRS denies the allegations in ¶ 14 and denies that it made calls to plaintiff.

15.     MRS denies the allegations in ¶ 15 and denies that it made calls to plaintiff.

16.     MRS denies that it made calls to plaintiff and denies that it violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

17.     MRS admits plaintiff purports to bring this action as a class action, but denies it meets the requirements of Fed. R. Civ. P. 23.

18.     MRS admits plaintiff purports to bring this action as a class action, but denies it meets the requirements of Fed. R. Civ. P. 23.

19.     MRS admits plaintiff purports to bring this action as a class action, but denies it meets the requirements of Fed. R. Civ. P. 23.

20.     MRS admits the allegations in ¶ 20.

21.     MRS denies the allegations in ¶ 21.

22.     The allegations in ¶ 22 do not set forth an averment to which an answer is required.  To the extent an answer is required, MRS denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein, which has the effect of a denial.

23.     MRS denies the allegations in ¶ 23, including subparts (a) through (e).

24.     MRS denies the allegations in ¶ 24.

25.     MRS denies the allegations in ¶ 25.

26.     MRS denies the allegations in ¶ 26.

27.     MRS denies the allegations in ¶ 27.

28.     MRS denies the allegations in ¶ 28.

29.     MRS denies the allegations in ¶ 29.

30.     MRS denies the allegations in ¶ 30.

31.     MRS denies the allegations in ¶ 31.

32.     MRS denies the allegations in ¶ 32.

## FIRST CLAIM

## (NEGLIGENT VIOLATIONS OF THE TCPA)

33.     MRS repeats and reiterates its answer to the allegations in ¶¶ 1 through 32 as if same were set forth herein at length.

34.     MRS denies the allegations in ¶ 34.

35.     MRS denies the allegations in ¶ 35.

36.     MRS denies the allegations in ¶ 36.

## SECOND CLAIM

## (KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA)

37.     MRS repeats and reiterates its answer to the allegations in ¶¶ 1 through 36 as if same were set forth herein at length.

38.     MRS denies the allegations in ¶ 38.

39.     MRS denies the allegations in ¶ 39.

40.     MRS denies the allegations in ¶ 40.

## PRAYER FOR RELIEF

41.     MRS denies plaintiff is entitled to the relief sought in ¶ 41, including subparts (a) through (f).

## TRIAL BY JURY

42.     MRS denies plaintiff is entitled to the relief sought in ¶ 42.

AND NOW, in further Answer to plaintiff's Complaint, Defendant MRS Associates, Inc., formerly known as MRS BPO, LLC, avers as follows:

<h3 align="center">FIRST AFFIRMATIVE DEFENSE</h3>

One or more of the counts/grounds in plaintiff's Complaint fails to state a claim against MRS upon which relief can be granted.

<h3 align="center">SECOND AFFIRMATIVE DEFENSE</h3>

This Court has no subject matter jurisdiction over the TCPA claim.

<h3 align="center">THIRD AFFIRMATIVE DEFENSE</h3>

One or more of the telephone calls were not made to a wireless, i.e., cellular, telephone.

<h3 align="center">FOURTH AFFIRMATIVE DEFENSE</h3>

The phone calls made by MRS are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B) & 47 U.S.C.§ 227(b)(2)(b) & 47 C.F.R. § 64.1200(a).

<h3 align="center">FIFTH AFFIRMATIVE DEFENSE</h3>

Plaintiff fails in whole or in part to satisfy the requirements for a class action.

<h3 align="center">SIXTH AFFIRMATIVE DEFENSE</h3>

Pursuant to CPLR 901(b), plaintiff is unable to maintain in New York a class action for statutory damages under the TCPA.

## SEVENTH AFFIRMATIVE DEFENSE

This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

## EIGHTH AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint are barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

The equipment used by MRS to make telephone calls is not covered by or subject to the TCPA.

## TENTH AFFIRMATIVE DEFENSE

Based upon the policies and procedures of MRS, to the extent MRS was calling plaintiff on her cellular telephone, as alleged, plaintiff had provided consent to receive those calls.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent plaintiff was receiving calls on her cellular telephone, plaintiff has failed to mitigate her damages.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that plaintiff was not the intended recipient of the calls, plaintiff has no standing to assert the claim.

WHEREFORE, Defendant MRS Associates, Inc., formerly known as MRS BPO, LLC, respectfully requests that this answer be deemed good and sufficient, plaintiff's Complaint be dismissed, with prejudice at plaintiff's costs, pursuant to Federal and State law, plaintiff be ordered to pay reasonable attorney's fees and costs for MRS and all other general and equitable relief.

Dated: February 15, 2011                         Respectfully submitted,


                                                  /s/ Aaron R. Easley
                                                  Aaron R. Easley, Esq. (ae9922)
                                                  SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
                                                  200 Route 31 North, Suite 203
                                                  Flemington, New Jersey 08822-5736
                                                  Telephone No.: (908) 751-5940
                                                  Facsimile No.: (908) 751-5944
                                                  aeasley@sessions-law.biz
                                                  Attorney for Defendant
                                                  MRS Associates, Inc.,
                                                  formerly known as
                                                  MRS BPO, LLC

## CERTIFICATE OF SERVICE

I certify that on this 15th day of February, 2011 a copy of the foregoing **Answer and Affirmative Defenses** was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

> Charles T. Mathews
> Mathews Law Group
> 2596 Mission Street, Suite 204
> San Marino, CA  91108
> Tel.: (626) 683-8291
> Fax.: (626) 683-8295
> ted@mathewsrager.com
> Attorney for Plaintiff

> /s/ Aaron R. Easley
> Aaron Easley, Esq.
> Attorney for Defendant
> MRS Associates, Inc.,
> formerly known as
> MRS BPO, LLC

\\sfnfs02\prolawdocs\9441\9441-27107\Waks, Susan\348317.doc